Adams *v.* Jewett.

ADAMS, *plaintiff in review vs.* JEWETT.

A. being a deputy-sheriff and also a constable, received a writ for service, direct-
ed to the sheriff and his deputies alone. Notwithstanding which, he served
and returned the writ as *constable.* The plaintiff's counsel, without noticing
the return, entered the action, obtained judgment on default, and delivered
the execution which issued thereon to the same officer, which was afterward
returned by him in no part satisfied. *Held,* that the Sheriff was liable, in case,
for the neglect of the deputy *in not serving the writ.* The entry of the action
and pursuing it to judgment, under the circumstances, being no waiver of the
plaintiff's claim against the Sheriff for the neglect of the deputy to serve the
writ.

THIS was an action of the case originally brought by *Jewett*
against *Adams,* late Sheriff of this county, for the default of
*Joshua Gould,* his deputy, in not serving a writ sued out by said
Jewett against one *Jonas Buss,* and for neglecting to attach a
certain number of chairs the property of *Buss.* *Gould* was the
deputy of *Adams,* and also a constable of the town of *Norridge-
wock,* where *Buss* lived. The writ was directed to the Sheriff
of the county of *Somerset* or his deputy, and had been direct-
ed also to a constable of *Norridgewock,* but the latter direction
was erased by the counsel for *Jewett* before the writ was deliv-
ered to the officer. *Gould* served and returned the writ as *con-
stable,* and attached the chairs as directed, but subject to two
prior attachments in suits brought by other persons against *Buss*
returnable before a justice of the peace. The action, *Jewett
v. Buss,* the writ being thus served and returned, was entered at
the *March* term of the Court of Common Pleas, 1824 ; was
then defaulted and judgment rendered in favour of *Jewett.*
The execution which issued thereon, was within thirty days put
into the hands of *Gould,* and by him was returned no part sat-
isfied.

*John S. Tenney, Esq.* attorney to *Jewett* in that action, testifi-
ed that the fact that *Gould* had served and returned the writ as
constable, escaped his attention until after judgment, and until
he had occasion to inspect it on bringing the action, *Jewett v.
Adams.*

It was insisted by the counsel for *Adams* that the entry by *Jewett* of his writ against *Buss*, served and returned as it was, and taking judgment on the same, was to be regarded as an acceptance of the service by *Gould* as constable, and a waiver of any right to look to him as deputy, or to *Adams* as his principal. But with a view to settle other facts in the cause, and intending to reserve this question, *Weston Judge* ruled otherwise. The jury returned their verdict in favour of *Jewett*.

If the point taken by the counsel for *Adams*, was rightfully overruled, judgment was to be rendered on the verdict. But if it ought in the opinion of the Court to have been sustained, and to be fatal to the right of *Jewett* to recover, the verdict was to be set aside, and the defendant in review to be defaulted.

*Allen*, for the plaintiff in review, argued in support of the position taken at the trial, and cited the case of *Livermore v. Boswell*, 4 *Mass.* 437.

*Sprague*, for the defendant, cited *Miller v. Mariners' Church*, 7 *Greenl.* 51 ; and *N. England Bank v. Lewis*, 8 *Pick.* 113.

The opinion of the Court was delivered by

Mellen C. J. — The allegation in the writ is, that *Gould*, a deputy of *Adams*, then Sheriff of this county, neglected to serve the writ against *Buss* and attach certain chairs, as he was directed. It is true, that he undertook to serve the writ and to attach them, in the capacity of *constable*, but the writ was directed, not to any *constable*, but to the *Sheriff* of the county and his *deputies*. *Gould*, therefore, undertook to do what he was neither *directed* nor *authorized* to do. And when the execution which issued on the judgment in the action, was delivered to *Gould*, he neglected to serve it, or secure any property of *Buss*, and returned the same in no part satisfied. These facts having been displayed on the trial, the jury found a verdict for the original plaintiff and have assessed his damages. The only question reserved is, whether the plaintiff, *Jewett*, by proceeding to judgment in the action against *Buss*, must be considered as having waived all objections against the irregularity of the service and the misconduct of *Gould*, and con-

sented to adopt, and sanction the service and attachment of the chairs, though made by him as *constable*, and not as *deputy-sheriff*. When a creditor brings an action against a Sheriff for not making a service of a writ committed to him and securing property by attachment, or by arresting the body of the debtor, when he might have done either; by means of which neglect the creditor has been damaged; he must *prove* that he had a good cause of action against the debtor, or person sued, in order to maintain his action against the Sheriff; and, from the nature and necessity of the case, he must prove it *by parol.* But in those cases where the writ has been served, but a loss has been sustained by *the mode* or an *irregularity* of proceeding, or by any subsequent neglect or malfeazance, the plaintiff should proceed in his cause and obtain judgment, and thus, *by record,* verify his cause of action and entitle himself to execution. In ordinary cases, therefore, where there has been a service of the writ, the conduct of the plaintiff in obtaining judgment furnishes no legal proof of a waiver or abandonment of claim against the Sheriff for his neglect or misconduct. It is, however, contended in the present case, that though the writ was not directed to a constable, and that, though he therefore had no right to serve it as such, yet if *Jewett* was willing to accept it as a good service, and proceed to judgment, with no objection made by *Buss,* he might do so, and in existing circumstances, must be considered as acting on this principle; — as waiving all objections to the service, and all claims against the Sheriff. To rebut this conclusion, the counsel for *Jewett,* as stated in the report, testified, that the fact of the service of the writ by *Gould* as *constable,* escaped his attention *till after judgment was entered.* There is no proof that the plaintiff, *Jewett,* knew it before that time; nor is there any probability of it; inasmuch as the care of the action against *Buss* was confided to *Mr. Tenney.* How, then, can it be presumed that *Jewett* or his counsel waived objections against irregularities and malfeazance on the part of *Gould,* of which neither had knowledge — and claims against the Sheriff, of which neither was conscious. Such a presumption would be a presumption of an *effect* with-

out a *cause;* it would be establishing a *conclusion,* without the existence of any *premises.* On the whole, we do not perceive any solid ground on which the motion for a new trial can be sustained.

*Judgment on the verdict.*